IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLAN MANSON BAILEY, JR.,

    Plaintiff,　　　　　　　　　　No. CIV S-08-0025 GEB JFM P

  vs.

S. BEACH, M.D.D., et al.,

    Defendants.　　　　　　　　　ORDER

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On January 10, 2008, plaintiff was directed to submit, within thirty days, a completed application to proceed in forma pauperis on the form used by this district and to provide a copy of his complaint filed in the Northern District on December 11, 2007.  On January 22, 2008, plaintiff requested an extension of time to comply with this court's January 10, 2008 order.  On January 29, 2008, plaintiff filed the documents required by this court's January 10, 2008 order.  Because these documents were timely filed, plaintiff's request for extension of time is moot and will be denied.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

1  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28
2 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently
3 without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.
4 § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
5 month's income credited to plaintiff's prison trust account. These payments shall be collected
6 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
7 plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
8  The court is required to screen complaints brought by prisoners seeking relief
9 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
10 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
11 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
12 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
13 U.S.C. § 1915A(b)(1),(2).
14  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
16 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
17 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
18 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
19 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
20 Cir. 1989); Franklin, 745 F.2d at 1227.
21  In his amended complaint plaintiff has named the Correctional Health Services,
22 Sacramento County Main Jail, as one of the defendants. The Eleventh Amendment serves as a
23 jurisdictional bar to suits brought by private parties against a state or state agency unless the state
24 or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.
25 Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.
26 1982). In the instant case, the State of California has not consented to suit. Accordingly,

plaintiff's claims against the Correctional Health Services, Sacramento County Main Jail, are frivolous and must be dismissed.

Plaintiff also names S. Beach, M.D.D., and T. Smith, R.N., S.S.D. as defendants in this action. Plaintiff alleges the following. Plaintiff entered the county jail suffering from a recently broken left lower jaw which had been wired by a UCD Medical Center surgeon on February 1, 2007, with instructions that the wires supporting his jaw were to remain intact for six to eight weeks. During the first week of March, 2007, during a routine exam, Dr. Beach "decided to remove supporting wires, claiming that two of the four mounting screws were loose, never giving thought to tightening." (Complt. at 3.) Plaintiff contends that the early removal of the wires caused his bite to offset, which required plaintiff to submit to extraction of his front upper left tooth, which had loosened from plaintiff's biting of lower lip and offset of bottom teeth. Plaintiff complains of continuing problems with pain and discomfort ever since.

Plaintiff alleges R.N. Smith "played a significant role in adding insult to injury" because during the grievance process she was "less than professional" and "very aggravating in her responses" to his medical needs, such as "missed medication, wrong medication and the implementing of proper and/or needed medication." (Complt. at 5.)

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements; "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

"The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be

/////

3

a 'deliberate indifference to serious medical needs of prisoners.'" Lopez, 203 F.3d at 1131 (quoting Estelle, 429 U.S. at 104.)

A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, at 1059 (quoting Estelle, 429 U.S. at 104). Examples of indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

Plaintiff must also allege facts that defendant responded to the serious medical need with deliberate indifference. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988). Where the claim is based on a delay in treatment, "a prisoner can make 'no claim for deliberate medical indifference unless the denial was harmful.'" McGuckin at 1060 (quoting Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per curiam)). The harm caused by the delay need not, however, be "substantial." McGuckin at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also citing Hudson v. McMillian, 503 U.S. 1, 5-10). Mere differences of opinion between a prisoner and prison medical staff as to appropriate medical care also do not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's amended complaint, without more, demonstrates plaintiff had a difference of opinion from Dr. Beach as to what medical/dental care plaintiff was to receive. Plaintiff has included no allegations constituting deliberate indifference to his serious medical needs concerning the removal of the wires in his jaw or the extraction of his loose tooth.

/////

Plaintiff's allegations as to R.N. Smith being unprofessional or aggravating, such claims fail to state a cognizable § 1983 claim. For example, an allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment). Because these allegations do not raise a cognizable claim for violation of the Eighth Amendment they should not be included, without more, in any amended complaint.

As for plaintiff's allegations concerning medication, a review of the prison grievances reflects that R.N. Smith brought the wrong medication to plaintiff on June 13, 2007 and failed to return to his cell with the proper medication that day. (Complt. at 19.) The failure to provide plaintiff with medication on one occasion does not state a cognizable § 1983 claim. To the extent that plaintiff claims R.N. Smith failed to renew his pain medications, the grievance response reflects that pain medication renewal must be ordered by the physician. (Complt. at 21.) Thus, that claim fails as well.

However, in an abundance of caution, the court will grant plaintiff leave to amend his amended complaint should he be aware of facts supporting deliberate indifference. Plaintiff is cautioned that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). If plaintiff seeks to recover damages for medical malpractice he should file those claims in state court.

In light of the above, plaintiff's amended complaint will be dismissed. The court will, however, grant leave to file a second amended complaint.

1      If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 22, 2008 request for an extension of time is denied.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's amended complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: February 6, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; bail0025.14a